UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN K. REYNOLDS, | ) |
| | ) CASE NO. C12-0748-JCC-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| DR. CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff John K. Reynolds, a pretrial detainee at King County Correctional Facility ("KCCF"), applies to proceed *in forma pauperis* ("IFP") with a proposed 42 U.S.C. § 1983 action. (Dkt. 1.) Mr. Reynolds alleges that KCCF health-care professionals—Dr. Clark, nursing supervisor Sean Dumas, and N. Daley—violated the Constitution by being deliberately indifferent to his serious medical needs. The Court recommends DISMISSING this proposed § 1983 action without prejudice for failure to state a claim and DENYING Mr. Reynolds's IFP application as moot because his allegations demonstrate that defendants have been attentive to Mr. Reynolds's medical complaints about a pre-existing condition and that he merely disagrees with the course of treatment. *See* 28 U.S.C. § 1915A(b)(1). Mr. Reynolds need not be granted leave to amend his proposed complaint because it is clear that he cannot cure his

REPORT AND RECOMMENDATION
PAGE -1

pleading deficiency without contradicting the acknowledged facts.

**DISCUSSION**

Mr. Reynolds has been incarcerated at KCCF since February 10, 2012. (Dkt. 1-1, at 3.) He states that he fractured his neck in June 2011 and is in constant pain. (*Id.* at 3, 5.) According to Mr. Reynolds, because he tested positive for Oxycodone, methamphetamine, cocaine, and THC, defendants have treated his pain symptoms ineffectually with other medications. (*Id.*) He has thus filed numerous medical grievances, returned repeatedly to medical triage, and received only inadequate treatment. Mr. Reynolds appends two medical grievances to his complaint. In a medical grievance originally filed on February 17, 2012, defendant Mr. Dumas first responded: "[Y]ou are receiving medications for pain. Also, a chart review shows that acute injury was ruled out. You have a pending follow up . . . ." (*Id.* at 5.) In response to an appeal, Mr. Dumas stated, "Please return to triage." (*Id.*) In a medical grievance originally filed on April 12, 2012, Mr. Dumas first responded, "[Y]our medical chart has been reviewed. Included is a summary of your MRI from Providence. Your pain management plan will be unchanged." (*Id.* at 6.) In response to an appeal, Mr. Dumas later responded, "[P]lease return to triage and see the nurse." (*Id.*)

Mr. Reynolds alleges that defendants' conduct demonstrates unconstitutional, deliberate indifference to his serious medical needs. The Court disagrees.

The Eighth Amendment's proscription against cruel and unusual punishment applies to pretrial detainees such as Mr. Reynolds through the Due Process Clause of the Fourteenth Amendment. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). With a claim of alleged medical mistreatment, an inmate must allege "acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. *See Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

Taking all of Mr. Reynolds's allegations as true and reading the proposed complaint liberally, the Court finds that Mr. Reynolds has demonstrated at most a difference of opinion about how best to treat his complaints of pain from a pre-existing neck injury. Such allegations do not suggest a constitutional violation. The Court recommends dismissing this matter without prejudice and without allowing Mr. Reynolds leave to amend. It is "absolutely clear" that Mr. Reynolds cannot cure his pleading deficiency without contradicting the acknowledged facts that defendants have responded repeatedly and consistently that their opinions about his medical treatment differ from his own. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

The Court recommends DISMISSING this proposed § 1983 action without prejudice for failure to state a claim upon which relief may be granted and DENYING Mr. Reynolds's IFP application as moot. *See* 28 U.S.C. § 1915A(b)(1). A proposed order is attached.

DATED this <u>1st</u> day of May, 2012.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge